UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEPHLIA DAVIS,

    Plaintiff(s),

v.

ACTAVIS GROUP,

    Defendant(s).

E-filing

No. C 08-03173 BZ

ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES

FILED
08 JUL -1 PM 3: 51
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Bernard Zimmerman. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

    IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE - ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 7/1/2008 | Complaint filed | |
| 9/29/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R. 3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| | | |
|---|---|---|
| 10/14/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a)(1) Civil L.R. 16-9 |
| 10/20/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm G, 15th Floor, SF at 4:00 PM | Civil L.R. 16-10 |

**STANDING ORDERS** (Rev. 01/2002)

1. Within 30 days of filing a complaint, plaintiff shall serve and file either a written consent to Magistrate Judge Zimmerman's jurisdiction or a written request for reassignment to a district judge. Within 30 days of being served with a complaint or third party complaint, a defendant or third party defendant shall serve and file either a written consent to Magistrate Judge Zimmerman's jurisdiction or a written request for reassignment to a district judge.

2. Civil law and motion is heard on the first and third Wednesdays of every month at 10:00 a.m. Criminal law and motion is heard on the second and fourth Wednesdays of every month at 1:30 p.m.

3. A copy of any brief or other document containing a legal citation **shall** be submitted to chambers on a diskette formatted preferably in WordPerfect 5, 6, 8 or 9. A chambers copy of any document **may** be submitted on CD-ROM with hypertext links to exhibits.

4. Any proposed order in a case subject to electronic filing shall be sent by e-mail to: bzpo@cand.uscourts.gov. This address is to be used only for proposed orders unless otherwise directed by the court.

5. Unless expressly requested by the Court, documents should **not be faxed** to chambers but should be filed or lodged in accordance with the Local Rules of Court. The Court should not be routinely copied on correspondence between counsel.

6. Motions for **summary judgment** shall be accompanied by a statement of

g:\bzall\orders\standord5.ord

the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts where possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts that the party contends are undisputed. A party who without substantial justification contends that a fact is in dispute is subject to sanctions.

7. Parties are reminded that most procedural questions are answered in the Local Rules or these Standing Orders. Parties should not contact Chambers for answers to procedural questions. The Local Rules are available for public viewing at the Court's internet site - http://www.cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: January 16, 2002

BERNARD ZIMMERMAN
United States Magistrate Judge

g:\bzall\orders\standord5.ord

STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.